Casey, Oh. J.,
delivered the opinion of the court:
This is an action brought by the claimant to recover damages for the breach of a contract for the sale of 40,000 stand of arms to the United States.
Upon the facts we cannot doubt there was a full and final compromise of this matter, voluntarily assented to on both sides, and fairly carried into execution. We do not think that the evidence establishes duress, oppression, or compulsion of any kind, to obtain the consent or acquiescence of the claimant to the. terms of this compromise. On the contrary, after the organization of the commission, and after his contract had been submitted to them, he voluntarily appeared before the commissioners, testified, submitted evidence and arguments in relation to his claim. Finally he submitted, in a written communication, an offer of compromise, which the commissioners on behalf of the War Department accepted. Their acceptance was approved and ratified by the Secretary of War, and the terms of the agreement were fully carried into effect and execution.
A similar proposition, made to the Secretary of War, or the *504 Ordnance Bureau, and accepted and acted upon on both sides, would doubtless have been sustained as a valid and legal compromise. It does not change the legal effect that the propositions were made and received through a commission not constituted under any direct authority of law. They were acting under and for the War Department, and when their acts were adopted and acted upon by the Secretary of War, they became his acts and endowed with all the legal virtue and consequences that pertain to his official transactions.
We think' this case is ruled by that of United States v. Adams, (7 Wall., 463.) In many of its leading facts and features it is similar to that one, and in the proof of voluntary submission to the commission, and assent to its decision as a final compromise, it is much stronger.
We, therefore, adjudge that the claimant take nothing by his i>etition, that the same be dismissed, and that the defendants go thereof without day.